Citation Nr: 1702625 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 08-22 232 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to service connection for a stomach disorder, to include as secondary to posttraumatic stress disorder (PTSD) and as due to exposure to Gulf War environmental hazards.


ATTORNEY FOR THE BOARD

J.A. Williams, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from January 1988 to August 1991.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a September 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California, which, in pertinent part, denied entitlement to service connection for IBS, claimed as a stomach condition.
In January 2015, the Board remanded the claim for additional development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The record shows that the evidence is conflicting as to the existence of a stomach disability. VA treatment notes report that the Veteran was diagnosed with Irritable Bowel Syndrome (IBS) in 2006. However, during the February 2011 VA examination, the examiner reported a diagnosis of chronic diarrhea. In addition, both the July 2006 VA examiner and the April 2016 VA examiner indicated that there was no diagnosis and no pathology present to render a diagnosis. 

In addition, the evidence shows that the Veteran served in the Southwest Asia Theater of Operations. Therefore, presumptive service connection for an undiagnosed illness may be applicable. 38 U.S.C.A. § 1117 (West 2014); 38 C.F.R. § 3.317 (2016). Although the Veteran was afforded VA examinations in July 2006, February 2011, and April 2016, the examinations did not address whether or not the Veteran's stomach symptoms may be associated with exposure to Gulf War environmental hazards. Thus, a medical opinion is necessary to determine which symptoms, if any, are the result of an undiagnosed illness and which, if any, are part of a diagnosable but medically unexplained chronic multi-symptom illness of unknown etiology. 
 
Accordingly, the case is REMANDED for the following action:

1. Afford the Veteran a new VA examination. Following a review of the record, the examiner should express an opinion as to whether the Veteran's stomach symptoms are considered a diagnosed illness without conclusive pathophysiology or etiology that is characterized by overlapping symptoms and signs and has features such as fatigue, pain, disability out of proportion to physical findings, and inconsistent demonstration of laboratory abnormalities?

The Veteran's claim file should be made available for review. A rationale is requested for any opinions provided. 

2. Readjudicate the appeal.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
R. FEINBERG
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).